FILED
2013 Jul-30  AM 08:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAUL DAVID POTTS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:13-cv-423-AKK** |
| **MIKE BELL,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### <u>MEMORANDUM OPINION</u>

Defendant Mike Bell, director of the Birmingham, Alabama Social Security

Administration ("SSA"), moves to dismiss *pro se* Plaintiff Paul David Potts'

complaint based on lack of subject matter jurisdiction and failure to state a claim

upon which relief may be granted.  Docs. 15-16.  Potts responded.  Doc. 20.  In

light of Potts' failure to exhaust his administrative remedies prior to filing this

lawsuit, – specifically, failing to formally request the records from the SSA

through the Freedom of Information Act,[1] – the court **GRANTS** the motion.

---

[1] The court directs Potts to contact, Wendi Culver, Assistant District Manager of the Birmingham field office of the Social Security Administration on or after August 5, 2013 at 1200 Reverend Abraham Woods, Jr. Blvd., 1st Floor - District office, Birmingham, AL 35285-0001, or call 866-592-3734, for more information on how to formally request his records.

# I.   APPLICABLE LEGAL STANDARDS

## A.      Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss

based on the defense that the court lacks subject-matter jurisdiction.  "Attacks on

subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and

'factual' attacks."  *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir.

2003) (citation omitted).  Relevant here, factual attacks challenge subject matter

jurisdiction "in fact, irrespective of the pleadings," and the court "may consider

extrinsic evidence" in ruling on a factual challenge.  *Id.*   In such a case, "the trial

court is free to weigh the evidence and satisfy itself as to the existence of its power

to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial

court from evaluating for itself the merits of the jurisdictional issue."  *Id.* at 925

(citation omitted).  However, a court may only find that it lacks subject matter

jurisdiction "if the facts necessary to sustain jurisdiction *do not implicate the*

*merits of plaintiff's cause of action*."  *Id.* (citations omitted) (emphasis in original).

When a jurisdictional challenge implicates the merits of the plaintiff's claim, the

court must "find that jurisdiction exists and deal with the objection as a direct

attack on the merits of the plaintiff's case."  *Id.* (citations omitted).  This ensures "a

greater level of protection for the plaintiff who in truth is facing a challenge to the

validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or

Rule 56 . . . both of which place great restrictions on the district court's discretion."

*Id.* (citations omitted) (alterations in original).

### B.    Failure to State a Claim Upon which Relief May be Granted

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a

complaint fails to state a claim upon which relief may be granted.  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556

U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks

omitted).  A complaint states a facially plausible claim for relief "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).  The

complaint must establish "more than a sheer possibility that a defendant has acted

unlawfully."  *Id*; s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

("Factual allegations must be enough to raise a right to relief above the speculative

level . . . ." (citation omitted)).  Ultimately, this inquiry is a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true. *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950. This standard applies even when, as here, the plaintiff proceeds *pro se* – that is, without an attorney. In such a case, although the court must construe his pleadings liberally, *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted), "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Indeed, "[o]nce a *pro se* litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). In other words, the court may not wholly disregard the federal pleading standards and standard of review. *See Brown*

*v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Smith*, 369 F. App'x at

38.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The SSA found Potts disabled on or about September 10, 2012.  Doc. 1 at 2;

doc. 15-1 at 2.  In the order granting Potts SSI benefits, the administrative law

judge required Potts to designate a payee to receive the checks on Potts' behalf.

Doc. 1 at 2; doc. 15-1 at 2.  After asking one of his friends, Antonio Felder, to

serve as the payee, Potts and Felder visited the SSA office to fill out the necessary

paperwork.  Doc. 1 at 2; doc. 15-1 at 2.  Ultimately, the SSA appointed Felder as

Potts' payee.  Doc. 1 at 2; doc. 15-1 at 2.  This lawsuit stems from Potts'

contention that the SSA should have performed a background check on Felder.

Doc. 1 at 3.  Apparently, in the paperwork Felder filled out to get the payee

designation, Felder indicated that he had no felony convictions.  Doc. 1 at 2; doc.

15-1 at 2.  However, allegedly, Felder is a convicted felon who ultimately used

Potts' SSI proceeds for his own personal gain.  *Id*.  In any event, Felder apparently

visited the SSA office some time later and removed himself as Potts' payee.  *Id*. at

4.  As a result, at Potts' request and upon certification from Potts' doctor, the SSA

allowed Potts to receive the benefits directly.  *Id*.

As party of his own effort to investigate whether Felder misappropriated his

SSI benefits, Potts requested a copy of his records from the SSA.  *Id*.  Potts

contends that the SSA denied his request and stated that he could not "read nor

copy [his] records."  *Id*.  Potts alleges that this denial was "a blatant denial of [his]

fundamental due process rights" under the "1st, 5th, 6th, and 14th Amendments of

[the] U.S. Const."  *Id*.  Potts filed this action *pro se* against Mike Bell, as "the head

director" of the Birmingham, Alabama Social Security Administration, "acting

under color of, federal law," as a motion under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552.  The court treated the motion as a complaint, along with

amendments to the complaint in Court Document 4.  Doc. 1 at 1; *see* docs. 4 and 6.

Potts asks this court to order Mike Bell, and presumably the SSA, to allow Potts

"to read and copy needed records" from the SSA office.  *Id*. at 5.

## III.   ANALYSIS

Defendant challenges the lawsuit on three grounds: (1) Potts lacks subject

matter jurisdiction because he failed to exhaust his administrative remedies under

the Social Security Act, FOIA and the Privacy Act; doc. 16 at 5-6; (2) Potts failed

to state a cognizable claim; *id*. at 19-20; and (3) in the event the court finds that

Potts has stated a valid cause of action, that Mike Bell is an improper party and is

entitled to qualified immunity; *id*. at 21-28.  The court addresses the first two

contentions below.[2]

### A.      Failure to Exhaust Administrative Remedies

Defendant contends that this court lacks subject matter jurisdiction because,

while this case "might properly arise under the Social Security Act, 442 U.S.C. §

401, et seq., the Freedom of Information Act (FOIA), 5 U.S.C. § 552,

or the Privacy Act, 5 U.S.C. § 522a," Potts failed to exhaust his administrative

remedies under these statutes.  Doc. 16 at 5-20.  The court agrees.  "The FOIA

clearly requires a party to exhaust all administrative remedies before seeking

redress in the federal courts."  *Taylor v. Appleton*, 30 F.3d 1365, 1367-68 (11th

Cir. 1994) (citations omitted).  "This exhaustion requirement is a condition

precedent to filing suit intended to allow a federal agency to exercise its discretion

and authority, as well as create a descriptive factual record for the district court to

review if necessary."  *Id*. at 1368.  "FOIA provides for two different types of

exhaustion, actual and constructive."  *Id*.  "Actual exhaustion occurs when the

---

[2]The court does not need to reach the immunity issue or decide whether Mike Bell is the proper defendant since Potts' claim fails on the first two grounds raised by Defendant.

agency denies all or part of a party's document request.  Constructive exhaustion occurs when certain statutory requirements are not met by the agency." *Id*.

Potts' complaint is replete with multiple deficiencies.  Among other things, Potts failed to allege that he exhausted his administrative remedies before seeking judicial review or that he ever submitted a written request to the SSA for his records, under the FOIA or any other statute.  *See generally*, doc. 1.  Rather, Potts alleged that he "ask[ed]...the clerks at the S-S-I Office" to see a copy of his records.  *Id*. at 4.  Unfortunately for Potts, verbally asking a clerk is not the same thing as submitting a FOIA request.  Moreover, to the extent Potts submitted a FOIA request – and there is no record that he did, *see* doc. 15-2 at 2, Potts failed to administratively appeal the denial of his request, as required for FOIA requests to the SSA.  *See* 20 C.F.R. §§ 402.200, 402.205.  In sum, based on the court's review of the record, the court finds that Potts failed to exhaust his administrative remedies with the SSA before filing this lawsuit.  Accordingly, this court does not have subject matter jurisdiction over Potts' request for his records pursuant to FOIA, or, for that matter, the SSA, or the Privacy Act.[3]

---

[3]While Potts does not explicitly allege a violation of the Privacy Act or the Social Security Act, Defendant contends that Potts' claims, if any, under these statutes also fail because Potts failed to exhaust his administrative remedies.  Doc. 16 at 5-16.  The court agrees.  *See* 5 U.S.C. § 552a(b) and 20 C.F.R. § 416.1400(a).

**B.      Constitutional Violations**

Defendants also contend that "[a]lthough Plaintiff asserts . . . violat[ions]

[of] his rights under the First, Fifth, Sixth, and Fourteenth Amendments, he failed

to explain how any alleged wrongful actions by Defendant were constitutional

violations." Doc. 16 at 20.  Unfortunately for Potts, his response stating that

"Plaintiff has a (sic) Equal Protection righ[t] to have access to his records," doc. 20

at 1, does not address the flaws in his pleading.  Moreover, based on Potts'

allegations, no such right exists for him under the Equal Protection clause of the

Fourteenth Amendment, which provides that "[n]o State shall ... deny to any

person within its jurisdiction the equal protection of laws."  U.S. Const. Amend.

XIV, § 1.  Here, Potts failed to allege that a <u>state</u> treated him differently or unfairly

as compared to others.  *See* doc. 1.  Rather, Potts' claims concern his individual

denial of his SSA record and is against an individual or a federal agency.  *See id*.

Accordingly, Potts' Equal Protection claim fails.[4]

Regarding Potts' due process claim, *see* doc. 1 at 4, the court finds that

Defendant and the SSA did not deny Potts' due process rights.  Rather, based on

the record before this court, Potts failed to pursue the proper administrative

---

[4]Potts also "invokes jurisdiction under the Americans with Disabilities Act" in his
responsive brief. Doc. 20 at 1.  However, Potts failed to allege this claim in his complaint or
amendments, *see* docs. 1 and 4, and has provided no facts to support a claim under the ADA.
Accordingly, Potts' ADA claim fails.

channels to request a copy of his records.  Consequently, Defendant and the SSA

have not formally denied him his records.  Given that Potts is still free to request

his records in writing under the FOIA, the Privacy Act, or the SSA, Defendant has

not violated his due process rights.  *See Morton v. Astrue*, 380 F. App'x 892, 894

(11th Cir. 2010) ("[t]he essential requirements of due process ... are notice and an

opportunity to respond.") (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S.

532 (1985)).

Likewise, Potts has failed to allege any facts to support his claims under the

First, Fifth, and Sixth Amendments.  As Defendant correctly noted, "the mere

allegation that Plaintiff's constitutional rights have been violated is not enough."

Doc. 16 at 20 (citing *Stewart v. Astrue*, 5:08-CV-90-OC-10GRJ, 2008 WL

3982690 (M.D. Fla. Aug. 26, 2008) and *Jones v. Dep't of Health & Human Servs*.,

941 F.2d 1529, 1533 (11th Cir. 1991)).  Again, legal conclusions unsupported by

factual allegations are not entitled to the assumption of truth.  *See Iqbal*, 129 S. Ct.

at 1950.  Accordingly, the court finds that Potts has failed to state valid claims

under the First, Fifth, Sixth, and Fourteenth Amendments.

## IV.  CONCLUSION

In short, unfortunately, Potts failed to exhaust his administrative remedies

prior to filing this lawsuit.  Therefore, his lawsuit is premature.  As a result, the

court **GRANTS** the motion to dismiss, doc. 15, and this action is hereby

**DISMISSED without prejudice** to Potts refiling after exhausting his

administrative remedies.  The court will enter a separate Order, consistent with this

Memorandum Opinion, dismissing this action.

        **Done** the 30th day of July, 2013.

                                                     **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE